IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ROBERTS,

    Plaintiff,                    No. 2:08-cv-2624 KJN P

    vs.

MATTHEW CATE, et al.,         ORDER AND

    Defendants.           FINDINGS AND RECOMMENDATIONS

                                  /

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On December 22, 2009, defendants filed a motion to dismiss on the grounds that plaintiff fails to state a claim upon which relief can be granted, and that his claim for injunctive relief is barred in light of Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM (E.D. Cal.), a class action suit concerning mental health care in California state prisons. On January 6, 2010, plaintiff filed a timely opposition to the motion.

Background

        In his complaint plaintiff alleges as follows. Plaintiff suffers from a history of mental health problems, including suicidal thoughts. On December 27, 2007, Dr. McDogold, plaintiff's psychologist at California Medical Facility, recommended plaintiff be "moved to a correctional facility close to [plaintiff's] family in Southern California." (Am. Compl. at 6.)

1

1  This recommendation was based on Dr. McDogold's conclusion that plaintiff's family is a
2  "stabilizing factor" in plaintiff's life, and his mental health would benefit from family visits.
3  (Id.) On February 29, 2008, a Unit Classification Committee recommended plaintiff for transfer
4  to a correctional facility close to his family in Southern California. (Id.) On March 18, 2008, a
5  Classification Staff Representative endorsed plaintiff for transfer to California Men's Colony
6  solely on the basis of Dr. McDogold's recommendation. (Id.) However, contrary to the above,
7  plaintiff was transferred to a prison in Central California, where his family was unable to travel
8  to visit plaintiff.

9  Plaintiff alleges that all defendants were deliberately indifferent to his serious
10 medical needs when they failed to ensure plaintiff was transferred to a prison facility in Southern
11 California, in violation of the Eighth Amendment. Plaintiff also alleges that defendants Cate and
12 Marshall are "directly responsible for tacit authorization of violative policy and practices . . . or
13 implementation of a policy or custom of inadequate mental health care within CDCR and CMC."
14 (Am. Compl. 5, 10.) Plaintiff also alleges defendant Knowles "failed to exercise ministerial
15 duties by refusing to enforce, monitor, and abide by the terms of a mental health care system"
16 that would have provided plaintiff with a stable condition of confinement, in part by transferring
17 him to a facility in Southern California, pursuant to his psychologist's recommendation. Plaintiff
18 seeks injunctive relief only.

19                                    Legal Standards
20  Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to
21 dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).
22 In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the
23 court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551
24 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v.
25 McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.
26 1999). In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson, 551 U.S. 89 (citations omitted).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## Analysis

### Prison Transfer

Plaintiff claims that defendants failed to ensure plaintiff was transferred to a prison in Southern California near his family and failed to enforce the psychologist's recommendation he be transferred, in violation of the Eighth Amendment.

Plaintiff contends that defendants' failure to comply with Dr. McDogold's recommendation denies plaintiff the "therapeutic effect . . . and [interferes] with feasible measures necessary to implement and to adopt a comprehensive treatment plan" prescribed for plaintiff's serious mental health needs. (Opp'n at 4.) Plaintiff also contends that California

////
////
////

Penal Code § 5068[1] provides plaintiff a protected liberty interest entitling him to due process.

Plaintiff seeks a court order requiring defendants to comply with Dr. McDogold's recommendation, and transfer plaintiff to a prison in Southern California near his family. (Am. Compl. at 16.)

Defendants contend plaintiff has no constitutional right to determine his housing placement and should not be held liable for violations of the Eighth Amendment because plaintiff's housing is outside his family's ability to travel. (Mot. at 4-5.)

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1975). Prisoners' mental health needs are among the medical needs covered by the Eighth Amendment. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see

---

[1] Section 5068 provides, in pertinent part:

   The Director of Corrections shall cause each person who is newly committed to a state prison to be examined and studied. This includes the investigation of all pertinent circumstances of the person's life such as the existence of any strong community and family ties, the maintenance of which may aid in the person's rehabilitation, and the antecedents of the violation of law because of which he or she has been committed to prison. Any person may be reexamined to determine whether existing orders and dispositions should be modified or continued in force.

   Upon the basis of the examination and study, the Director of Corrections shall classify prisoners ; and when reasonable, the director shall assign a prisoner to the institution of the appropriate security level and gender population nearest the prisoner's home, unless other classification factors make such a placement unreasonable.

   As used in this section, "reasonable" includes consideration of the safety of the prisoner and the institution, the length of term, and the availability of institutional programs and housing.

   As used in this section, "prisoner's home" means a place where the prisoner's spouse, parents, or children reside at the time of commitment. . . .

Cal. Penal Code § 5068.

1  also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements
2  analyzed as part of general health care requirements), abrogated in part on other grounds by
3  Sandin v. Connor, 515 U.S. 472 (1995).  To prove that the response of prison officials to a
4  prisoner's mental health needs was constitutionally deficient, the prisoner must establish:  (1) a
5  serious mental health need; and (2) deliberate indifference to that need by prison officials.  See
6  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX
7  Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The subjective
8  prong standard is the same for the mental health needs claim as a claim involving alleged
9  prisoner safety:  a prison official is deliberately indifferent if he knows that a prisoner faces a
10 substantial risk of serious harm and disregards that risk by failing to take reasonable measures to
11 abate it.  See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).
12         Plaintiff alleges a serious mental health need.  The mental health need must be
13 similar to a serious medical need, i.e., such a need exists

> if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  The "routine discomfort" that results from incarceration and which is "part of the penalty that criminal offenders pay for their offenses against society" does not constitute a "serious" medical need.

18 Doty, 37 F.3d at 546 (citations omitted).  Liberally construed, plaintiff contends he suffers from
19 suicidal tendencies, perceptual disturbances, hallucinations, paranoia and guilt. (Am. Compl. at
20 8.)  These allegations are sufficient to plead a serious medical need.
21         Plaintiff also alleges deliberate indifference by defendants based upon their failure
22 to ensure his transfer or enforce his transfer to a prison near his family as recommended by his
23 psychologist, and based on the psychologist's conclusion that housing plaintiff near his family
24 would serve as a stabilizing factor in addressing plaintiff's mental health needs.  Plaintiff alleges
25 that after he was transferred to California Men's Colony he was temporarily transferred back to
26 CMF for required Acute Impatient Level of care, and plaintiff had been under suicide watch.

(Am. Compl. at 7.) These allegations state a potential claim for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

Defendants object that plaintiff does not have a constitutional right to determine his own housing placement. Opp'n at 4; Meachum v. Fano, 427 U.S. 215, 225 (1976). In Meachum, prisoners challenged their transfers to less favorable institutions without due process. Id. The court found an inmate had no due process right to confinement in a particular facility because confinement in any of the state's prisons was "within the normal limits or range of custody which the conviction has authorized the State to impose " Id., 427 U.S. at 225. Moreover, defendants point out that plaintiff confirms defendants attempted to comply with the mental health recommendation by transferring plaintiff to California Men's Colony, which is closer to plaintiff's family than California Medical Facility. Plaintiff, however, contends his due process rights were violated because his serious mental health needs require prison officials to follow his psychologist's recommendation to house him in a prison much closer to his family.

Ultimately, defendants may be able to show consideration was given to house plaintiff in a prison in Southern California, but due to lack of space or other penological concerns, they were unable to accommodate plaintiff's needs. However, defendants provided no such facts or argument here. Absent such a showing, it appears defendants ignored the recommendation and arbitrarily placed plaintiff at California Men's Colony. Therefore, absent further development of the record, it appears plaintiff's allegations state a claim for deliberate indifference to his mental health condition.

However, even assuming plaintiff has stated a cognizable Eighth Amendment claim, plaintiff only seeks injunctive relief herein.[2] As discussed more fully below, based on the

---

[2] The court has considered whether to grant plaintiff leave to amend to pursue an Eighth Amendment claim for damages. However, plaintiff expressly states that "money damages will not adequately compensate plaintiff for the denial of his civil rights or to alleviate psychiatric distress with mental health care. . . . ," and that "money damages for plaintiff's injuries is extremely difficult to calculate." (Am. Compl. at 16-17.) Thus, plaintiff seeks only injunctive

6

pending class action, Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM, plaintiff cannot personally pursue injunctive relief claims. Thus, defendants' motion to dismiss this claim must be granted.

Request for Injunctive Relief

As discussed above, plaintiff alleges that defendants Cate and Marshall are "directly responsible for tacit authorization of violative policy and practices . . . or implementation of a policy or custom of inadequate mental health care within CDCR and CMC." (Am. Compl. 5, 10.) Plaintiff seeks injunctive relief only.

A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

A class action pending in this court, Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM, involves a constitutional challenge to the adequacy of mental health care provided in the California state prison system. These claims involve the same subject matter presented by plaintiff's equitable claims in this action. The class in Coleman is comprised of mentally ill inmates incarcerated in California prisons alleging that prison officials are depriving them of constitutionally required mental health care. More precisely, the class includes "all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections. . . ." See Coleman v. Wilson, 912 F. Supp. 1282, 1293

---

relief.

(E.D. Cal. 1995).

In this case, plaintiff seeks injunctive relief based on his claim that defendants authorized an inadequate mental health care system, both at CMF and CMC. However, plaintiff is a member of the Coleman class and must bring his "claims for equitable relief . . . through the class representative until the class action is over or the consent decree is modified." McNeil, 945 F.2d at 1166. See also Crawford, 599 F.2d at 892-93; Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999). Accordingly, defendants' motion to dismiss plaintiff's claims for injunctive relief should be granted.

## Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' December 22, 2009 motion to dismiss (Dkt. No. 21) be partially granted;

2. Plaintiff's claims for injunctive relief be dismissed; and

3. This action proceed on plaintiff's Eighth Amendment claims, as set forth above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////
////
////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: July 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robe2624.mtd