IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ROBERTS,

        Plaintiff,                   No. 2:08-cv-2624 JAM KJN P

    vs.

MATTHEW CATE, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On July 28, 2010, this court issued findings and recommendations recommending that plaintiff's claims for injunctive relief be denied as barred in light of <u>Coleman v. Schwarzenegger</u>, No. 2:90-cv-0520 LKK JFM (E.D. Cal.), a class action suit concerning mental health care in California state prisons.

        On August 3, 2010, defendants filed a motion for clarification of the findings and recommendations noting that the text of the findings and recommendations appeared to recommend dismissal of the entire action, but the recommendation clause suggested plaintiff's Eighth Amendment claim would survive.

        On August 12, 2010, plaintiff filed objections to the findings and recommendations. Plaintiff argues that his statement concerning the inadequacy of money

1

damages only related to his claims for injunctive relief; now that injunctive relief is unavailable to him, he should be allowed to amend to pursue an Eighth Amendment claim for damages.

Good cause appearing, the findings and recommendations will be vacated. Defendants' motion to dismiss plaintiff's second amended complaint will be granted as plaintiff's claims for injunctive relief are barred in light of Coleman v. Schwarzenegger. However, plaintiff will be granted leave to file a third amended complaint alleging an Eighth Amendment claim for damages.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS HEREBY ORDERED that:

1. The July 28, 2010 findings and recommendations (dkt. no. 26) are vacated;

      2. Defendants' August 3, 2010 motion for clarification (dkt. no. 27) is partially granted;

      3. Defendants' December 22, 2009 motion to dismiss (dkt. no. 21) is granted;

      4. Plaintiff's second amended complaint (dkt. no. 7) is dismissed;

      5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

         a. The completed Notice of Amendment; and

         b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

DATED: August 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robe2624.mtdr

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ROBERTS,

    Plaintiff,    No. 2:08-cv-2624 KJN P

    vs.

MATTHEW CATE, et al.,    <u>NOTICE OF AMENDMENT</u>

    Defendants.
_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Third Amended Complaint

DATED:

_____
Plaintiff

4