IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY ROBERTS, | | |
| | Plaintiff, | No. 2:08-cv-2624 JAM KJN P |
| vs. | | |
| MATTHEW CATE, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On September 27, 2010, plaintiff file a third amended complaint as required by the court's August 27, 2010 order.

      Plaintiff names John Marshall, Warden of the California Men's Colony, San Luis Obispo, California, as a defendant herein. Plaintiff alleges this defendant is "directly responsible for a tacit authorization of violative policy or custom of inadequate mental health care within California Men's Colony." (Dkt. No. 31 at 6.) This action is proceeding on plaintiff's claim that in 2007, while he was housed in California Medical Facility ("CMF"), prison officials ignored Dr. McDogold's recommendation that plaintiff be housed near his family in Southern California. Plaintiff's allegations against defendant Marshall challenge mental health care generally at

1

1    California Men's Colony.  (Dkt. No. 31 at 6.)  Despite the fact plaintiff included defendant
2    Marshall's name along with defendant Cate in certain charging allegations, there is no indication
3    that defendant Marshall was aware of, or took action with regard to, prison officials' failure to
4    transfer plaintiff closer to his family as allegedly prescribed by CMF psychologist Dr. McDogold.
5    Plaintiff has failed to assert defendant Marshall, Warden of California Men's Colony, was even
6    aware of Dr. McDogold's recommendation.  Moreover, any complaints plaintiff may have
7    concerning medical or mental health treatment at the California Men's Colony must first be
8    exhausted through administrative grievance procedures at California Men's Colony and, if those
9    remedies fail, and plaintiff opts to seek legal remedy, any action concerning claims that occurred
10   at California Men's Colony must be filed in the United States District Court for the Northern
11   District of California.[1]  Plaintiff has not demonstrated that defendant Marshall was involved in
12   the decision to transfer plaintiff from California Medical Facility to California Men's Colony.
13   Accordingly, plaintiff's claims against defendant Marshall should be dismissed.

14            The third amended complaint states a potentially cognizable claim for relief
15   pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Cate and Knowles.
16   If the allegations of the third amended complaint are proven, plaintiff has a reasonable
17   opportunity to prevail on the merits of this action.

18            In light of the above, defendants' motion for an additional thirty days to respond
19   to the third amended complaint will be granted.

20            In accordance with the above, IT IS HEREBY ORDERED that:
21            1.  Service is appropriate for the following defendants:  Cate and Knowles.
22            2.  Defendants' September 16, 2010 motion (dkt. no. 32) is granted.
23            3.  Defendants Cate and Knowles shall file a responsive pleading within thirty

---

[1] The nature of mental health treatment at California Men's Colony is relevant to plaintiff's allegations against defendants Cate and Knowles based on plaintiff's allegations that these defendants knew or should have known that appropriate mental health treatment needed by plaintiff was allegedly not available to plaintiff at California Men's Colony.

days from the date of this order.

IT IS HEREBY RECOMMENDED that plaintiff's claims against defendant Marshall be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robe2624.1

3