1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONY ROBERTS,

11             Plaintiff,                    No. 2:08-cv-2624 KJN P

12        vs.

13   MATTHEW CATE, et al.,                   ORDER AND REVISED

14             Defendants.                   SCHEDULING ORDER

15   _____/

16            Plaintiff is proceeding without counsel and in forma pauperis with a civil rights

17   action pursuant to 42 U.S.C. § 1983.  Defendants' motion for protective order is before the court.

18            This action is proceeding on plaintiff's third amended complaint against

19   defendants Matthew Cate, Director of Adult Institution Division, and M. Knowles, Warden of

20   California Medical Facility ("CMF").  (Dkt. No. 31.)  Plaintiff alleges that in 2007, while

21   plaintiff was housed at CMF, prison officials ignored CMF psychologist Dr. McDogold's

22   December 27, 2007 recommendation that plaintiff be housed near his family in Southern

23   California, and transferred plaintiff to California Men's Colony ("CMC").  On February 29,

24   2008, plaintiff was endorsed for transfer to CMC.  (Dkt. No. 31 at 8.)  While not entirely clear, it

25   appears plaintiff was transferred to CMC some time between May 22, 2008, and July 22, 2008.

26   (Dkt. No. 31 at 9.)

1

On June 1, 2011, defendants filed a motion for protective order.  Generally, defendants contend that plaintiff seeks voluminous and burdensome discovery, including documents submitted in connection with the class action lawsuit Coleman v. Wilson, 2:90-cv-0520 LKK JFM, which has been litigated over twenty years.  Counsel declares that it would take a year to eighteen months or more to review the myriad documents produced in the Coleman litigation, and the documents are not organized by subject matter or indexed.  (Dkt. No. 50-1.)

The instant lawsuit pertains to plaintiff's alleged wrongful transfer to CMC in early 2008.  Plaintiff has failed to demonstrate why discovery for multiple years is necessary; in particular, some of his requests seek materials over a ten year period.  For example, plaintiff seeks production of all administrative grievances at CMC for the last ten years.  In addition, it appears that many of plaintiff's discovery requests seek information pertinent to his claim that he allegedly received inadequate mental health care at CMC.  As noted in this court's November 9, 2010 order, any complaints plaintiff has concerning mental health treatment at CMC must first be exhausted, and, if those administrative remedies fail, any legal action concerning those claims must be brought in the Northern District of California.  (Dkt. No. 33 at 2.)

Conversely, the type of mental health treatment provided at CMC is relevant to plaintiff's allegations against defendants Cate and Knowles based on plaintiff's allegations that these defendants knew or should have known that appropriate mental health treatment needed by plaintiff was allegedly not available at CMC.  However, this allegation does not require an in-depth evaluation of the mental health treatment provided at CMC.  Rather, the pertinent questions relate to how the mental health treatment at CMC in 2008 differed from the treatment provided at CMF, and whether the available mental health care at CMC in 2008 was appropriate for plaintiff's needs.

The issue here is whether defendants knew or should have known that appropriate mental health treatment needed by plaintiff was allegedly not available at CMC at the time plaintiff was transferred to CMC in early 2008.  This issue involves a very narrow inquiry,

1   limited in time, that does not require seeking discovery documents from the <u>Coleman</u> litigation,[1]

2   and that is irrelevant to the type of mental health care provided to other inmates at CMC, or any

3   grievances concerning other inmates' mental health care at CMC.  Therefore, plaintiff's requests

4   for discovery of grievances and Director's Level decisions at CMC regarding mental health

5   issues, and attendance records for treatment programs at CMC, are denied.

6           Moreover, defendants' claim that the burden of responding to plaintiff's requests

7   for production of documents outweighs the likely benefits has merit.  Fed. R. Civ. P. 26(b)(2)(C).

8   Requiring defense counsel to potentially spend one year to eighteen months preparing

9   defendants' response is overly burdensome.  There are other discovery methods available that

10  will provide plaintiff the information he requires to prosecute this action.  Indeed, plaintiff has

11  propounded 51 requests for admissions, and 25 interrogatories.  Accordingly, defendants' motion

12  for protective order is granted.  Defendants are relieved from providing documents responsive to

13  requests 10-13, 15-16, 18-19, 22-27, and 36, as well as requests 20-21 and 35.  (Dkt. No. 51 at 3-

14  4.)

15          However, the court finds that the September 12, 2008 Twentieth Special Master's

16  Report[2] and the July 31, 2009 Twenty-First Special Master's Report, both addressing CMC in

17  2008, are relevant, and are a matter of public record.  (<u>Coleman</u>, Dkt. Nos. 3029, 3638.)  These

18  reports are 535 and 601 pages long, respectively, and contain evaluations of institutions not

19  pertinent here.  The court is aware that pro se litigants are not provided photocopies without

20  charge even if the litigant is proceeding in forma pauperis.  But in order to avoid further delay in

21  this 2008 case, the court will provide plaintiff with pertinent parts of these reports.  Accordingly,

22  the Clerk of the Court is directed to provide plaintiff with the following documents filed in the

23  _____

24      [1] Of course, this does not prevent plaintiff from relying on the recent Supreme Court's
    order in <u>Brown v. Plata</u>, 131 S. Ct. 1910 (2011).  It appears that Matthew Cate is a named
25  defendant in <u>Coleman v. Wilson</u>, 2:90-cv-0520 LKK JFM.

26      [2] The Nineteenth Special Master's report filed July 25, 2008, did not cover CMC, as only
    some of the 33 prisons were visited.  (<u>Coleman</u>, Dkt. No. 2895.)

Coleman case:

> Dkt. No. 3029 at 1 - 13 -- Cover sheet, abbreviations and index
>
> Dkt. No. 3029-5 at 1-13 (actual report page numbers 201-13) -- specifically addresses CMC
>
> Dkt. No. 3029-7 at 29 - 50 and Dkt. No. 3029-8 at 1-14 (actual report page numbers 329-64) – Summary, Conclusion & Recommendations[3]
>
> Dkt. No. 3638 at 1-13 – Cover sheet, abbreviations and index
>
> Dkt. No. 3638-4 at 33-41 (actual report page numbers 220-27) -- specifically addresses CMC
>
> Dkt. No. 3638-7 at 38-50 and Dkt. No. 3638-8 at 1-39 (actual report page numbers 375-425) -- Summary and Conclusion
>
> Dkt. No. 3638-10 at 43-50 (actual report page numbers 518-25) Exhibit Q - CMC

Coleman, 2:90-cv-0520 LKK JFM.

On June 27, 2011, plaintiff filed a motion to compel further answers to the requests for admissions, interrogatories, and request for production of documents.  (Dkt. No. 57.) The court denied the motion without prejudice to its renewal once defendants' motion for protective order was addressed.  On July 5, 2011, plaintiff filed objections.  Plaintiff argues that because defendants were granted an extension of time to provide discovery responses, plaintiff could not comply with the time requirements of the court's scheduling order.  Discovery closed June 8, 2011.  In addition, plaintiff claims he was unable to retain a copy of the motion to compel, and would therefore be prejudiced by having to re-file the motion.

Good cause appearing, the court renews plaintiff's motion to compel, and reopens discovery for the limited purpose of resolving the motion.  Defendants shall respond to plaintiff's June 27, 2011 motion within twenty-one days.  Seven days thereafter, plaintiff shall file his reply. In all other respects, discovery is closed.  No party may propound new discovery requests.

Due to the pendency of plaintiff's motion to compel, the September 1, 2011

---

[3]  There are exhibits A - Y to the Twentieth report, but none of the exhibits addressed CMC.  (Dkt. No. 3029-9 at 1 through 3029-12 at 6.)

1   dispositive motions deadline is extended to December 1, 2011.

2           IT IS HEREBY ORDERED that:

3           1.  Defendants' June 1, 2011 motion for protective order (dkt. no. 51) is granted;

4           2.  The Clerk of the Court is directed to provide plaintiff with the following

5   sections of the reports:

6           Dkt. No. 3029  at 1-13 -- Cover sheet, abbreviations and index

7           Dkt. No. 3029-5 at 1-13 (actual report page numbers 201-13) -- specifically
            addresses CMC

8
            Dkt. No. 3029-7 at 29-50 and Dkt. No. 3029-8 at 1-14 (actual report page
9           numbers 329-64) – Summary, Conclusion & Recommendations[4]

10          Dkt. No. 3638 at 1-13 – Cover sheet, abbreviations and index

11          Dkt. No. 3638-4 at 33-41 (actual report page numbers 220-27) -- specifically
            addresses CMC

12
            Dkt. No. 3638-7 at 38-50 and Dkt. No. 3638-8 at 1-39 (actual report page
13          numbers 375-425) -- Summary and Conclusion

14          Dkt. No. 3638-10 at 43-50 (actual report page numbers 518-25) Exhibit Q - CMC

15          3.  Plaintiff's June 27, 2011 motion to compel (dkt. no. 57) is renewed; discovery

16  is reopened for the sole purpose of resolving the June 27, 2011 motion;

17          4.  Defendants shall respond to plaintiff's June 27, 2011 motion to compel within

18  twenty-one days from the date of this order; plaintiff's reply shall be filed seven days thereafter;

19  and

20  ////

21  ////

22  ////

23  ////

24  ////

25

26      [4]  There are exhibits A - Y to the Twentieth report, but none of the exhibits addressed
    CMC.  (Dkt. No. 3029-9 at 1 through 3029-12 at 6.)

1    5. The September 1, 2011 dispositive motions deadline is extended to December

2 1, 2011.

3 DATED:  August 5, 2011

4

5

6             KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE

7 robe2624.mtc2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26