IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ROBERTS,

        Plaintiff,                  No. 2:08-cv-2624 KJN P

    vs.

MATTHEW CATE, et al.,             <u>ORDER</u>

        Defendants.

_____/

        Plaintiff is proceeding without counsel and in forma pauperis. Plaintiff's renewed motion to compel discovery is before the court. Defendants filed an untimely opposition and plaintiff filed a reply. The court finds plaintiff's motion is partially granted.

        This action is proceeding on plaintiff's third amended complaint against defendants Matthew Cate, Director of Adult Institution Division, and M. Knowles, Warden of California Medical Facility ("CMF"). (Dkt. No. 31.) Plaintiff alleges that in 2007, while plaintiff was housed at CMF, prison officials ignored CMF psychologist Dr. McDogold's December 27, 2007 recommendation that plaintiff be housed near his family in Southern California, and transferred plaintiff to California Men's Colony ("CMC"). On February 29, 2008, plaintiff was endorsed for transfer to CMC. (Dkt. No. 31 at 8.) It appears plaintiff was transferred to CMC some time between May 22, 2008, and July 22, 2008. (Dkt. No. 31 at 9.)

1       In his reply, plaintiff contends that the court must disregard defendants'
2  opposition as it was untimely filed. In an order signed on August 5, 2011, and filed on August 8,
3  2011, defendants were ordered to respond to the motion to compel within twenty-one days. (Dkt.
4  No. 60.) Thus, defendants' opposition was due at least by August 29, 2011. However,
5  defendants' opposition was signed on August 31, 2011, and filed and served on September 1,
6  2011. (Dkt. No. 62.) Because defendants' opposition was untimely filed, the court will
7  disregard the opposition. The court turns now to the merits of plaintiff's motion to compel.
8  I.  <u>Motion to Compel - Interrogatories and Requests for Admissions</u>
9       Plaintiff's motion to compel further responses to interrogatories or requests for
10 admissions must be denied because plaintiff failed to provide copies of defendants' responses to
11 interrogatories or requests for admissions. Although plaintiff provided copies of the propounded
12 interrogatories, no copy of the requests for admissions was provided. The exhibits appended to
13 plaintiff's motion jump from exhibit B to exhibit H. The court is unable to evaluate defendants'
14 discovery responses without copies of the responses provided. Thus, plaintiff's motion to
15 compel further responses to the interrogatories or the requests for admissions is denied.
16 II. <u>Motion to Compel - Request for Production of Documents</u>
17      On August 8, 2011, the court granted defendants' motion for protective order, and
18 relieved defendants from providing documents responsive to requests 10-13, 15-16, 18-19, 22-
19 27, and 36, as well as requests 20-21 and 35. (Dkt. No. 60 at 3.) Therefore, plaintiff's motion to
20 compel further production in response to these requests is denied.
21      Plaintiff seeks further production of documents responsive to requests 3 through
22 8. Each of these requests sought daily or monthly reports addressing housing and bed vacancies
23 for the Richard J. Donovan Correctional Facility ("RJD") for the periods of March 2008 through
24 December 2008. Defendants objected that the requests are overbroad, as plaintiff seeks
25 information for all housing units at RJD, and is not limited to the housing unit that would
26 accommodate plaintiff. Defendants also objected that the request is overbroad as to time, and

seeks documents which may contain confidential information or that the disclosure of which would violate other inmates' right to privacy. Finally, defendants contend that after a diligent search and reasonable inquiry, no document currently exists that is responsive to each request.

Plaintiff argues that the requested documents do exist as the California Department of Corrections and Rehabilitation ("CDCR") is required to generate this information under regulations cited in the requests. Plaintiff contends that the number of inmates housed at a prison is public information, and information relating the inmate count of a particular prison or unit therein presents no danger to prison officials or inmates.

To the extent defendants contend plaintiff could not be transferred to RJD because there was insufficient bed space, plaintiff is entitled to discover documents from RJD that set forth the housing counts for the time frame at issue here. This court is aware, pursuant to the class action lawsuit, Coleman v. Wilson, 2:90-cv-0520 LKK JFM, that prison officials track inmate population and bed capacity, particularly for those inmates with mental health needs. For example, see id., Dkt. No. 3641 at 28-32. However, it is unclear in what form these numbers are tracked or documented.

In each request, plaintiff limited the time frame to March through December 2008. Thus, defendants' objection that the time frame is overbroad is overruled. However, plaintiff does not explain why he sought documents for that time period. Dr. McDogold recommended plaintiff's transfer to a correctional facility close to plaintiff's family in Southern California on December 27, 2007, and plaintiff's administrative appeal was denied at the Director's Level of Review on October 7, 2008. Thus, plaintiff is entitled to obtain documents from December 28, 2007, through October 7, 2008. On the other hand, because plaintiff is part of the Enhanced Outpatient Program ("EOP"), plaintiff may only be housed in units that provide an EOP level of care. Therefore, defendants' objection that plaintiff is not entitled to inmate counts for all housing units at RJD is sustained. Moreover, requiring production of daily counts for this time frame would be overly burdensome.

1       Therefore, plaintiff's motion to compel further production in response to requests 3 through 8 is partially granted.  Defendants shall provide RJD documents from December 28, 2007, through October 7, 2008, that provide monthly inmate bed capacity and inmate counts for housing units at RJD that offer an EOP level of care, or, in the event such records are not maintained by housing unit, monthly total EOP bed capacity and EOP inmate counts for total EOP beds at RJD.  If these documents contain inmate names or other identifying information, defendants may redact that information so long as the counts for both EOP bed capacity and EOP beds filled are provided.  If these documents are maintained for time frames other than monthly, defendants shall in good faith endeavor to provide plaintiff the documents most responsive to plaintiff's need for this information.  If defendants maintain that such documents do not exist, defendants shall provide a declaration from an appropriate prison official at RJD confirming such documents do not exist.[1]

      Request No. 9 seeks copies of plaintiff's mental health treatment group appointments from April 2008, through January 2011, while plaintiff was housed at CMC.  Defendants objected that plaintiff's medical records are equally accessible to plaintiff, citing Cal. Code Regs. tit. 15, § 3370(c), but produced a copy of plaintiff's scheduled mental health treatment appointments from April 8, 2008, through January 31, 2011.  (Dkt. No. 57 at 39.)  Plaintiff contends that the documents produced are incomplete and contain contradictions, and alleges that they may have been falsified.  (Dkt. No. 57 at 9.)

      Defendants' objection that plaintiff has access to his own medical records is sustained.  No further production is required.  If plaintiff has evidentiary disputes concerning documents provided, such disputes are more properly addressed at trial.

////

---

[1] However, to the extent defendants plan to introduce documents requested by plaintiff in discovery but not produced to plaintiff during discovery, plaintiff may object to the documents' admission at trial.

1    In Request No. 14, plaintiff sought all documents, reports, or correspondence by
2 the Classification Services Unit or the Division of Correctional Health Care Services which
3 contain, mention or discuss the consideration or evaluation of the December 27, 2007 mental
4 health assessment of plaintiff by Dr. McDogold recommending that plaintiff be transferred to a
5 correctional facility in southern California. (Dkt. No. 57 at 41.) In response to this request,
6 defendants produced a copy of the Reception Center Do's and Don'ts for the week of March 17,
7 2008, and copies of form CDC 128G dated February 29, 2008 and March 18, 2008. (Dkt. No. 57
8 at 42.) Defendants provided no further statement concerning this response.
9    Plaintiff contends that the responsive documents bear no relationship to the
10 requested material as they were generated at CMF rather than CDCR headquarters.
11    At least one of the documents provided by plaintiff is responsive in that it is
12 plaintiff's February 29, 2008 annual classification review, and referred plaintiff for transfer to
13 RJD (EOP), with an alternative transfer to CMC (EOP). (Dkt. No. 57 at 71.) However,
14 defendants did not state that they performed a diligent search or made reasonable inquiries to
15 determine whether there are any documents held by the Classification Services Unit or the
16 Division of Correctional Health Care Services in which prison officials evaluated, considered,
17 discussed, or mentioned Dr. McDogold's recommendation that plaintiff be transferred to a
18 southern California prison to be near plaintiff's family. Because this information goes to the
19 heart of plaintiff's case, plaintiff is entitled to discover any documents addressing Dr.
20 McDogold's recommendation, whether generated at CMF or by CDCR headquarters. Plaintiff's
21 motion to compel further response to Request No. 14 is granted. If defendants, after diligent
22 search or reasonable inquiry, are unable to locate such documents, defendants shall file a
23 declaration so stating.[2]
24 ////

---

[2] See footnote 1.

1    Plaintiff seeks further production in response to Request No. 33, which requested:

2    Copies of any and all DOCUMENTS of any data compilations
generated by CDCR Headquarters Health Care Services/ or Margie
3    Shea, which contain, mention or discuss the letter from Jean
Lynch, California State Chair of Jeff Dicks Medical Coalition to
4    Correspondents Control Unit at CDCR Headquarters after
December 5, 2008.

6 (Dkt. No. 57 at 52.)  Defendants responded as follows:

7    Defendant[s] further object[] on the grounds that this request seeks
information that is not relevant to Plaintiff's claim or the subject
8    matter of this litigation and is not calculated to lead to the
discovery of admissible evidence.  Defendant[s] further object[] on
9    the grounds that it is vague and ambiguous regarding identification
of a letter, time and scope.  Defendant[s] further object[] on the
10    grounds that it is overbroad because it is not limited in time or
scope.  Defendant[s] further object[] on the grounds that this
11    request seeks information that is not relevant to Plaintiff's claim or
the subject matter of this litigation and is not calculated to lead to
12    the discovery of admissible evidence.

13 (Dkt. No. 57 at 53.)

14    Plaintiff claims this request is relevant to show what defendants knew or should

15 have known. (Dkt. No. 57 at 11.)  However, as noted above, Dr. McDogold recommended

16 plaintiff's transfer to southern California on December 27, 2007, and plaintiff was transferred to

17 CMC some time between May 22, 2008, and July 22, 2008.  Thus, the fact that a prison advocacy

18 group wrote a letter to the "Correspondents Control Unit" of the CDCR regarding plaintiff in

19 December of 2008 (dkt. no. 57 at 81) will not shed light on what defendants knew or should have

20 known in 2007 or early 2008.  Plaintiff's motion to compel further response to Request No. 33 is

21 denied.

22    In Request No. 34, plaintiff sought all documents that contain, mention, or discuss

23 the third level review decision in Case No. 0731039.  (Dkt. No. 57 at 53.)  Defendants objected

24 on privacy grounds, relevance, and vagueness in terms of the identification of the documents

25 requested.  (Id.)

26 ////

6

1         Plaintiff argues that the documents sought pertain to another inmate's complaint
2  that mental health treatment at CMC is deficient, and is relevant as to whether defendants knew
3  or should have known that inappropriate mental health care was provided at CMC. (Dkt. No. 57
4  at 11.) Plaintiff references exhibit M, which contains a declaration by inmate John Hearon
5  describing the EOP care provided at CMC, and providing copies of his grievance CMCE-07-08-
6  14183. (Dkt. No. 57 at 74-79.)

7         The instant request is vague as it does not include the inmate's name and appears
8  to refer to the wrong case number. However, Exhibit M demonstrates that inmate Hearon waived
9  his right to privacy by providing plaintiff copies of grievance CMCE-07-08-14183 and a
10 declaration in support of the instant action, and Hearon may agree to serve as a witness on
11 plaintiff's behalf at trial. Inmate Hearon is presently housed at Salinas Valley State Prison,[3] so
12 plaintiff is unable to obtain a copy of Hearon's third level review from inmate Hearon personally.
13 The court finds that the third level review provided in CMCE-07-08-14183 is relevant, and
14 plaintiff's motion to compel production of this document is granted. Therefore, plaintiff's
15 motion to compel further response to Request No. 34 is partially granted.

16         In Request No. 37, plaintiff sought copies of documents contained in plaintiff's
17 visiting file for the last ten years. (Dkt. No. 57 at 54.) Defendants provided copies of plaintiff's
18 "Notice of visitor file." (Dkt. No. 57 at 55, 83-86.) However, as plaintiff points out, defendants
19 produced only visiting records for Calipatria State Prison from November 26, 1992, through
20 March 14, 1996, and from CMC for May 3, 2011. Defendants failed to provide plaintiff's
21 visiting records from prior incarcerations at Centinela State Prison from July 25, 1996, through
22 May 2000, or from RJD from 2001 through 2007. Both Centinela and RJD are located in
23 southern California. Arguably, this information is relevant to plaintiff's position that his family
24 can only visit plaintiff if he is housed in southern California, as recommended by Dr. McDogold.

---

[3] This information was obtained from the CDCR Inmate Locator website, http://inmatelocator.cdcr.ca.gov/default.aspx (accessed September 21, 2011).

1   Thus, plaintiff's motion to compel the production of the CDC 120 cards for Centinela State
2   Prison and RJD is granted.
3           Accordingly, IT IS HEREBY ORDERED that:
4           1. Plaintiff's June 27, 2011 motion to compel further answers to interrogatories or
5   responses to requests for admissions (dkt. no. 57) is denied;
6           2. Plaintiff's June 27, 2011 motion to compel (dkt. no. 57) further production of
7   documents is granted in part, and denied in part, as follows:
8               A. Plaintiff's motion to compel further production in response to Request
9   Nos. 3 - 8, and 34 is partially granted, as set forth above;
10              B. Plaintiff's motion to compel further responses to Request Nos. 14 and
11  37 are granted, as set forth above; and
12              C. In all other respects, plaintiff's motion to compel further production of
13  documents is denied.
14          3. Defendants shall produce the documents within thirty-five days from the date
15  of this order.
16          4. The Clerk of the Court is directed to send plaintiff a copy of pages 28-32 from
17  the August 4, 2009 order issued in <u>Coleman v. Wilson</u>, 2:90-cv-0520 LKK JFM P (Dkt. No.
18  3641).
19  DATED: September 22, 2011

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE

23  robe2624.mtc3