IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ROBERTS,

        Plaintiff,                       No. 2:08-cv-2624 JAM KJN P

    vs.

MATTHEW CATE, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. On October 17, 2011, defendants filed a motion for court order waiving plaintiff's psychotherapist-patient privilege in connection with plaintiff's mental health treatment at California Medical Facility and the California Men's Colony. Defendants contend that plaintiff has placed his mental health treatment at issue by claiming that defendants ignored a recommendation that plaintiff be housed near his family in Southern California. Defendants cite the court's November 9, 2010 order in which the court stated that

> [t]he nature of mental health treatment at California Men's Colony is relevant to plaintiff's allegations against Cate and Knowles based on plaintiff's allegations that these defendants knew or should have known that appropriate mental health treatment needed by plaintiff was allegedly not available to plaintiff at California Men's Colony.

1

(Dkt. No. 33 at 2 n.1.)

Plaintiff opposes the motion on the ground that discovery closed on June 8, 2011. Plaintiff states under penalty of perjury that at his March 16, 2011 deposition, plaintiff was asked by prior defense counsel to identify plaintiff's case manager, and plaintiff responded that B. Rice was plaintiff's case manager. (Dkt. No. 66 at 6.) Plaintiff states that during the first week of October, 2011, he was contacted by B. Rice, who told plaintiff she was contacted by the litigation coordinator and asked plaintiff to contact defendants' attorney. (Id.) B. Rice asked plaintiff if he would sign a release, and plaintiff informed her that since the discovery deadline expired on June 8, 2011, plaintiff did not believe defendants were entitled to obtain the medical information, and would not sign the release. (Id.) Plaintiff argues that defendants have failed to show good cause to reopen discovery, or to address why defendants failed to seek these mental health records prior to the close of discovery. Plaintiff contends that defendants' motion "is simply an end run around the discovery deadline set by this court." (Dkt. No. 66 at 2.)

Defendants did not file a reply. Rather, on November 3, 2011, defendants filed a motion to extend the December 1, 2011 dispositive motion deadline until 60 days after the court rules on defendants' motion to waive privilege, stating "plaintiff's mental health providers are precluded from discussing "plaintiff's relevant mental health treatment" and

> [a]bsent information from Plaintiff's mental health providers, Defendants are precluded from meeting their initial burden on summary judgment of establishing the absence of a genuine issue of fact.

(Dkt. No. 67 at 2.)

The court's initial scheduling order issued on December 15, 2010. (Dkt. No. 36.) On March 8, 2011, plaintiff's motion to modify the scheduling order was granted, and the discovery deadline was extended to June 8, 2011. (Dkt. No. 42.) On August 8, 2011, discovery was reopened for the limited purpose of resolving one discovery motion, but the parties were reminded that discovery was closed. (Dkt. No. 60 at 4.)

The record reflects defendants were put on notice as early as November 9, 2010, that plaintiff's mental health records were relevant to this action. Thus, the court finds defendants' motion for waiver of privilege is untimely as it was not filed prior to the discovery deadline. The denial of this motion is without prejudice, however, should defendants be able to show good cause to reopen discovery for this purpose. Fed. R. Civ. P. 16(b)(4). In light of the denial of defendants' motion, defendants' motion to extend the dispositive motion deadline is also denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' October 17, 2011 motion for waiver of privilege (dkt. no. 65) is denied without prejudice; and

2. Defendants' November 3, 2011 motion to extend the dispositive motion deadline (dkt. no. 67) is denied without prejudice.

DATED: November 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robe2624.wai