IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ROBERTS,

      Plaintiff,                        No. 2:08-cv-2624 JAM KJN P

    vs.

MATTHEW CATE, et al.,

      Defendants.[1]           ORDER

_____/

        This civil rights action is proceeding on plaintiff's September 10, 2010 third amended complaint in which plaintiff alleges that in 2007, while he was housed in California Medical Facility ("CMF"), prison officials ignored Dr. McDogold's recommendation that plaintiff be housed near his family in Southern California.

I. <u>Motion to Amend</u>

        On November 30, 2011, plaintiff filed a motion to file a fourth amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, accompanied by a proposed fourth amended complaint. Defendants do not oppose the motion, but ask the court to screen the fourth amended complaint pursuant to 28 U.S.C. § 1915.

---

[1] This action proceeds against defendants Cate and Knowles. Defendant Marshall was dismissed on January 28, 2011. (Dkt. No. 40.)

1

A. Standards for a Motion to Amend

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). However, because a pretrial scheduling order has been filed in this action, resolution of this motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled." Id. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). The scheduling order in this case was filed on December 15, 2010 (dkt. no. 36), and partially revised on March 8, 2011 (dkt. no. 42).[2] Therefore, the court considers the present motion under the Rule 16 standard for amendment and secondarily under the standard of Rule 15(a). See Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under Federal Rule of Civil Procedure 16(b). Johnson, 975 F.2d at 606-07. The "good cause" standard "focuses on the diligence of the party seeking amendment." Id. at 607 (citing Johnson, 975 F.2d at 609). The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted). In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification. Johnson, 975 F.2d 609.

---

[2] Discovery closed on June 8, 2011, and the dispositive motions deadline expired on December 1, 2011. (Dkt. No. 60.)

1    In order to demonstrate diligence, plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Id. at 608 (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. However, the district court is given broad discretion under Rule 16. Id. at 607.

Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. As a secondary consideration, the court considers the degree of prejudice to the opposing party. Id.

B.  Application

Plaintiff based his motion to amend on Rule 15, rather than Rule 16(b). Thus, plaintiff failed to address good cause or diligence. Plaintiff states only that he seeks to amend "to add new factual information, the names of new defendants, by changing a party against whom a claim is asserted, or new claim directed at parties by substituting the real names for Doe 1 - XXX, who was implicated in the 'conduct, transaction, or occurrence' described in the original complaint." (Dkt. No. 69 at 1.) However, in the proposed fourth amended complaint plaintiff attempts to add as a defendant Suzan L. Hubbard, Secretary/ or Director of Adult Institutions Division, for her role in supervising mental health care of all inmates within CDCR. Plaintiff also alleges that Ms. Hubbard "knew or reasonably should have known through 'the Program Compliance Evaluation and Internal Audit Units' that California Men's Colony was not in compliance with the Coleman court's remedial order requiring that each EOP inmate receive a minimum of ten hours per week of 'structured therapeutic activities." (Dkt. No. 70 at 6.)

The Civil Rights Act under which this action was filed provides as follows:

Every person who, under color of [state law] . . . subjects, or causes

3

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

As plaintiff was previously informed, the instant action addresses plaintiff's claim that while plaintiff was housed at CMF, prison officials were deliberately indifferent to plaintiff's serious medical needs by failing to follow Dr. McDogold's 2007 transfer recommendation.

1   Thus, Ms. Hubbard's knowledge of mental health care at California Men's Colony is not relevant

2   absent specific facts linking Ms. Hubbard to the alleged failure to comply with Dr. McDogold's

3   recommendation.  Plaintiff fails to allege facts demonstrating a connection between Ms. Hubbard

4   and the failure to follow Dr. McDogold's recommendation.  Thus, plaintiff cannot state a

5   cognizable civil rights claim as to Ms. Hubbard based solely on her supervisorial role.

6   Moreover, to the extent this new allegation attempts to challenge the systemic provision of

7   mental health care in prison, such claims are barred by Coleman v. Schwarzenegger, No. 2:90-

8   cv-0520 LKK JFM (E.D. Cal.), a class action suit concerning mental health care in California

9   state prisons.  Thus, plaintiff's motion to amend to name Ms. Hubbard as a defendant is denied.

10              Plaintiff also attempts to name B. Sullivan and N. Grannis as defendants based on

11  their role in the administrative grievance process.  Plaintiff alleges that during the administrative

12  grievance process, defendants Sullivan and Grannis failed to take corrective measures within

13  their means to ensure compliance with Dr. McDogold's recommendation.  However, plaintiff

14  fails to address his delay in seeking to amend to name Sullivan and Grannis as defendants herein.

15  Plaintiff had notice of their role in the grievance process while plaintiff was pursuing the

16  administrative grievances prior to filing the instant action on November 3, 2008.  Now, over

17  three years have passed, depriving Sullivan and Grannis of timely notice of plaintiff's claims

18  against them.  Plaintiff fails to demonstrate his diligence in seeking to amend to name them as

19  defendants at this late stage of the proceedings.  Therefore, plaintiff's motion to amend to add

20  Sullivan and Grannis as defendants is denied under Rule 16(b) of the Federal Rules of Civil

21  Procedure.

22              Finally, plaintiff seeks to amend to name Margie Shea, an employee at CDCR

23  Headquarters Correctional Health Care Services Division, and D. Marriott, a Classification

24  Services Representative, as defendants.  Plaintiff states that he believes Ms. Shea is "directly

25  responsible for failing to take corrective measures within her means to ensure Dr. McDogold's

26  transfer recommendation was acted upon after she received notice of the . . . recommendation in

December 2008." (Dkt. No. 70 at 8-9.) Plaintiff claims that he believes D. Marriott "to be directly responsible for arbitrarily denying Dr. McDogold's transfer recommendation after reviewing the . . . recommendation on March 18, 2008." (Dkt. No. 70 at 9.) It appears plaintiff may be able to state a cognizable civil rights claim as to Ms. Shea and D. Marriott; however, plaintiff fails to address the delay in moving to amend to name them as defendants. Plaintiff's motion does not make clear when or how he became aware of the involvement of Shea or Marriott. Accordingly, the motion to amend is denied without prejudice should plaintiff be able to demonstrate good cause, including diligence, as required by Rule 16(b) of the Federal Rules of Civil Procedure. If plaintiff chooses to renew his motion to amend under Rule 16(b), he must do so within thirty days. Plaintiff is cautioned that as a civil rights plaintiff, it is incumbent upon plaintiff to diligently prosecute his action. Thus, the diligence required under Rule 16 applies to plaintiff's diligence both before the scheduling order issued, as well as after pertinent scheduling deadlines expired. Zivkovic, 302 F.3d at 1087-88.

        Alternatively, analyzing plaintiff's motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff's motion should also be denied. Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,713 (9th Cir. 2001) (citation omitted).

        First, the five defendants plaintiff seeks to add would be prejudiced if the court allowed plaintiff to add them as defendants at this late stage of the proceedings. Although the appearing defendants do not oppose the motion to amend, and have not indicated they would be prejudiced by an amendment, allowing plaintiff to amend to name new defendants over claims that took place in 2007 and 2008, would be prejudicial due to fading memories or lost evidence. Almost five years have passed since Dr. McDogold issued his recommendation. Second, while it does not appear plaintiff is acting in bad faith in bringing this fourth amended complaint, plaintiff

has failed to explain his lack of diligence in bringing the motion. Third, allowing plaintiff to file the proposed fourth amended complaint, and adding new defendants, would unnecessarily complicate the case. At present, this case is proceeding on one claim against two defendants. Fourth, now that the dispositive motion deadline has passed, allowing plaintiff to amend would further delay this 2008 action because the court would have to re-open discovery and re-set all case deadlines. The case would essentially start anew, with service of process to be accomplished on defendants with no timely notice of plaintiff's claims.

For all of the above reasons, plaintiff's motion to amend is also denied under Rule 15(a).

C. Conclusion

Because plaintiff failed to demonstrate good cause or diligence, as required by Rule 16(b), plaintiff's motion to amend is denied without prejudice. Fed. R. Civ. P. 16(b); 15(a); Zivkovic, 302 F.3d at 1087.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's November 30, 2011 motion to amend (dkt. no. 69) is denied without prejudice. Any renewed motion to amend pursuant to Fed. R. Civ. P. 16(b) must be filed within thirty days from the date of this order.

DATED: April 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robe2624.mta