IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ROBERTS,

   Plaintiff,     No. 2:08-cv-2624 JAM KJN P

  vs.

MATTHEW CATE, et al.,

   Defendants.    ORDER

_____/

   On May 31, 2012, defendants filed a motion for summary judgment. Defendants' notice of motion did not include notice under Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). On June 27, 2012, plaintiff filed a 97 page opposition which included numerous exhibits, declarations signed by plaintiff and various others, and his statement of undisputed facts in support of his opposition. (Dkt. No. 79.)

   However, on July 6, 2012, the Ninth Circuit issued an order requiring that all prisoners proceeding pro se must be provided contemporaneous notice of certain requirements for opposing a motion for summary judgment. Woods v. Carey, 2012 WL 2626912,*1 (9th Cir. July 06, 2012 ), citing Rand and Klingele. The district court may provide such notice if defendants fail to do so. Woods, 2012 WL 2626912 at *5. When provided by defendant, the

1

notification must be set forth in "a separate document, served with the moving papers, and state[] that the court has required that it be given." Rand, 154 F.3d at 960; Woods, 2012 WL 2626912 at *4. These requirements apply to both "pending and future cases." Woods at *6.

Although it appears plaintiff understands his obligation in opposing a motion for summary judgment, in an abundance of caution the court will provide plaintiff with the notice required under Woods, and will grant plaintiff an extension of time to file a supplemental opposition. However, if plaintiff so chooses, he may opt to rely on his opposition filed June 27, 2012.

IT IS HEREBY ORDERED that:

1. Plaintiff is hereby informed of the following requirements for opposing a motion for summary judgment:

Rand Notice[1]

Plaintiff is informed that the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff

---

[1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods 2012 WL 2626912 at *1; Rand, 154 F.3d at 957, and Klingele, 849 F.2d at 409.

may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l).

If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant. In the present case, summary judgment for defendant would end the entire case.

2. Plaintiff is granted thirty days from the date of this order in which to file either a supplemental opposition,[2] or a statement that he opts to rely on his June 27, 2012 opposition. Defendants' reply, if any, shall be filed within seven days thereafter.

DATED: July 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robe2624.ntc

---

[2] If plaintiff chooses to file a supplemental opposition, he need not re-file exhibits previously provided on June 27, 2012. Plaintiff may simply rely on the previously filed exhibits, so long as he makes clear to which exhibit he is referring.

3